IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CT-3176-D

JACOB TREMAIN COVINGTON,       )
                               )
                Plaintiff,     )
                               )
        v.                     )        **ORDER**
                               )
                               )
DOCTOR HERBEL,[1]              )
                               )
                Defendant.     )

On November 2, 2009, Jacob Tremain Covington ("Covington" or "plaintiff") filed this action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Plaintiff is under a criminal indictment in the Middle District of North Carolina, charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and has been intermittently housed at the Federal Medical Center in Butner, North Carolina ("FMC Butner") for psychiatric evaluations.[2] See <u>United States v. Covington</u>, No. 1:07-CR-191-WO-1 (M.D.N.C.). Dr. Herbel ("defendant" or "Dr. Herbel") is a psychiatrist employed by the Federal Bureau of Prisons at FMC-Butner.

On November 22, 2010, the court granted in part defendant's motion to dismiss, and dismissed Covington's request for monetary relief against defendant in his official capacity [D.E. 22]. On January 4, 2011, defendant filed a motion to seal [D.E. 26], a proposed sealed second

---

[1] The court takes judicial notice that the correct spelling of defendant's last name is Herbel rather than "Herbal." See Mem. Supp. Mot. Dismiss 1.

[2] Covington is currently at the Federal Medical Center in Butner, North Carolina ("FMC-Butner"). See Bureau of Prisons, Inmate Locator, http://www.bop.gov/iloc2/InmateFinder Servlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=23380057& x=72&y=14 (last visited June 7, 2011).

motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [D.E. 24], and a proposed sealed memorandum in support of the motion to dismiss [D.E. 25]. On January 12, 2011, pursuant to a notice of deficiency from the clerk, defendant filed a proposed sealed memorandum in support of his motion to seal [D.E. 27]. On April 11 and 21, 2011, the court notified Covington about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 29 and 4/21/11 Staff note]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On April 28, 2011, Covington filed a response to the motion to dismiss. Covington's response simply states that he "understand[s] that . . . Doctor Herbel has filed a motion to dismiss my law-suit." [D.E. 31] at 1. As explained below, defendant's second motion to dismiss and motion to seal are denied.

I.

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50. Furthermore, in analyzing a Rule

2

12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

As noted, Covington is under a criminal indictment filed on May 29, 2007, in the Middle District of North Carolina. Covington, No. 1:07-CR-191-WO-1, [D.E. 3] (M.D.N.C. May 29, 2007). On February 25, 2009, Covington filed a notice of insanity defense. Id., [D.E. 28]. On March 13, 2009, Covington waived his right to a jury trial, and the trial court conducted a bench trial, to be followed by written findings. Id., [D.E. 30 and 3/13/09 Minute Entries]. It appears that the trial court is considering ordering Covington's commitment pursuant to 18 U.S.C. § 4243, and on March 2, 2011 ordered "further evaluation and treatment." Id., [3/2/11 Text Order]. On May 17, 2011, FMC-Butner submitted a psychiatric evaluation to the trial court, and on May 19, 2011, the trial court requested the parties "to submit findings as to how this case should proceed by May 31, 2011." Id., [D.E. 47 and 5/19/11 Text Order].

According to Covington, during his confinement at FMC-Butner, defendant Dr. Herbel administered psychiatric drugs to Covington against his will and in direct violation of a court order. Compl. 3. Covington seeks monetary damages and an order prohibiting the future administration of psychiatric drugs, against his wishes, during his confinement in the Bureau of Prisons. Id.

Dr. Herbel seeks dismissal for the same legal and factual arguments advanced in defendant's first motion to dismiss. Specifically, Dr. Herbel maintains that he has not violated any court order entered in the Middle District of North Carolina. Mem. Supp. 2nd Mot. Dismiss 3. Dr. Herbel has provided the court with a portion of a sealed transcript discussing administration of psychiatric medication to Covington, which states that "'the Court is not ordering any use of medication or other

3

psychiatric treatment that involves medication.'" Id. at 4. Dr. Herbel also notes that Covington "is in possession of a copy of the [complete] sealed transcript of the proceedings." Id. at 4 n.3.

Dr. Herbel continues to read Covington's claim as alleging that the failure to comply with a court order is a constitutional violation. However, as the court noted in denying defendant's first motion to dismiss, "an individual has a 'significant' constitutionally protected 'liberty interest' in 'avoiding the unwanted administration of antipsychotic drugs.'" Sell v. United States, 539 U.S. 166, 178 (2003) (quoting Washington v. Harper, 494 U.S. 210, 221 (1990)); see United States v. White, 620 F.3d 401, 409 (4th Cir. 2010).

The court reads plaintiff's claim as alleging that he is being involuntarily treated by a prison official with antipsychotic medication, in violation of his constitutional rights. Cf. Erickson, 551 U.S. at 93–94. The question, then, is not whether Dr. Herbel is in compliance with a court order. The question is whether Covington was afforded full due process or an emergency justified administering the medicine against Covington's will. See Harper, 494 U.S. at 220, 228; Hogan v. Carter, 85 F.3d 1113, 1117 (4th Cir. 1996); cf. Dancy v. Gee, 51 F. App'x 906, 907 (4th Cir. 2002) (per curiam) (unpublished) (affirming summary judgment in section 1983 action where prison personnel documented the circumstances surrounding their involuntary administration of medication to a prisoner, and showed that, each time, a psychiatrist had ordered the emergency medication and it was deemed medically necessary). Covington's complaint is factually and legally sufficient to survive defendant's motion to dismiss. See Fed. R. Civ. P. 12(b)(6); Iqbal, 129 S. Ct. at 1949; Erickson, 551 U.S. at 93–94. Plaintiff's Bivens action against Dr. Herbel in his individual capacity may proceed.

Next, the court addresses defendant's motion to seal. The court notes that defendant's memorandum in support of the motion to seal fails to comply with Section T of this district's

4

CM/ECF Policy Manual, which requires that the party seeking sealing must explain "how such request to seal overcomes the common law or the First Amendment presumption to access; ... the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access; ... the reasons why alternatives to sealing are inadequate; and ... whether there is consent to the motion." CM/ECF Policy Manual, Section T (E.D.N.C. Jan. 25, 2010). Dr. Herbel seeks sealing because the memorandum supporting his second motion to dismiss quotes from "a sealed order and portions of a sealed competency proceeding in the Middle District of North Carolina involving Plaintiff." Mem. Supp. Mot. Seal 1–2. However, Dr. Herbel has also filed under seal the second motion to dismiss and the memorandum in support of the motion to seal, filings which contain no such information.

The court has analyzed the motion to seal under the governing standard. See, e.g., Va. Dep't of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004); Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988); Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988); In re Knight Publ'g Co., 743 F.2d 231, 235 (4th Cir. 1984). Covington has not filed any response to the motion to seal. Although defendant's memorandum does contain a short quotation from a transcript that is not generally available to the public, Covington has readily acknowledged his treatment with antipsychotic medication in unsealed filings. Thus, the court concludes that defendant has not met his burden on the motion to seal. Accordingly, the court denies the motion to seal.

II.

In sum, the court DENIES defendant's second motion to dismiss [D.E. 24] and motion to seal [D.E. 26]. The clerk is DIRECTED to unseal defendant's second motion to dismiss [D.E. 24], defendant's memorandum in support of the motion to dismiss [D.E. 25], and memorandum in

5

support of the motion to seal [D.E. 27]. The court permits plaintiff's <u>Bivens</u> claim against defendant to proceed. The clerk is DIRECTED to issue a scheduling order.

SO ORDERED. This _7_ day of June 2011.

*/s/ James Dever*
JAMES C. DEVER III
United States District Judge